## MATTER OF MAN

## In Deportation Proceedings

## A-15881685

### Decided by Board July 21, 1967

Application for withholding of deportation pursuant to section 243(h), Immigration and Nationality Act, as amended, on a claim of subjection to economic persecution by the British government if deported to Hong Kong, is denied in the case of respondent, a citizen of the Republic of China on Formosa, who, as well as his wife and children, was born in Hong Kong and has lived there all his life; who does not allege that he or any of his family have ever been subjected to persecution there; and who has presented no substantive evidence that if deported to Hong Kong he would be persecuted by reason of his race, religion or political opinion.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered the United States after having been refused permission to land temporarily as a crewman.

ON BEHALF OF RESPONDENT: Thomas Sung, Esquire
217 Park Row
New York, New York 10038
(Brief filed)

The case comes forward on appeal from a decision of the special inquiry officer denying respondent's motion to reopen the proceedings to allow him to file an application for withholding of deportation under section 243(h) of the Immigration and Nationality Act.

The record relates to a 55-year-old married male alien, who was born in Hong Kong and who is a native of China and a citizen of the Republic of China on Taiwan (Formosa), and who arrived in the United States as a crewman. His ship entered the port of New York on August 24, 1963, and after examination by an officer of the United States Immigration and Naturalization Service he was refused permission to land. However, he did effect entry on August 27, 1963 without authority. He has remained in the United States since that date. Deportability is conceded and is thus not in issue.

A brief summary of the proceedings to date would appear to be

in order. On May 13, 1966, the special inquiry officer found respondent deportable as charged, but granted voluntary departure. Respondent failed to leave as and when directed and consequently a warrant of deportation was issued on June 17, 1966. Subsequent to this, respondent twice filed applications for stays of deportation with the District Director, New York, both of which were denied. Then followed the motion to reopen the proceedings to allow an application for withholding of deportation under section 243(h). On June 1, 1967, the special inquiry officer denied the motion, on the basis that respondent had totally failed to present any substantive evidence that he would be persecuted if deported to Hong Kong by reason of his race, religion or political opinion. The present appeal is from this denial.

In seeking to have deportation withheld under section 243(h), the burden is upon respondent to show that he would, in fact, be persecuted on the basis of race, religion or political beliefs. This is required by 8 CFR 242.17(c) which specifically places upon the applicant the burden of proof.[1] A careful and thorough review of the entire proceedings in this case, including the newspaper clippings submitted into evidence, fails to show that the respondent has met the required burden of proof.

Respondent has come forth with a strange admixture of contentions. The first is that if he should return to Hong Kong he would be subjected to economic persecution by the British Government there. He states that it is common knowledge that under the present conditions in the British Crown Colony of Hong Kong an alien such as himself would be subject to harassment by the British Government there. We do not agree that this is a matter of common knowledge, and respondent has not come forth with one item of evidence that he would be persecuted. He, as well as his wife and children, were all born in Hong Kong and have lived there all their lives. (The record reveals conflicting information as to whether respondent has three of four children. When he testified at the hearing on May 13, 1966 he stated he had three children, but later, on May 10, 1967 when a petition was filed to accord him a sixth preference visa status he claimed to have four children, all born before the time of the hearing.) Respondent does not allege that he or any of his family have ever been harassed, arrested, threatened or molested by the authorities and he does not give any reasons why such persecution would now take place if he returned to Hong Kong. We reject this first contention.

Respondent's second contention on appeal is that there is the possibility that the Red Chinese Government on the mainland might take

---

[1] See also *Matter of Sihasale*, Int. Dec. No. 1565; *Kam Ng* v. *Pilliod*, 279 F. 2d 207, cert. den. 365 U.S. 860, 5 L. ed. 2d 823.

over control of Hong Kong and if this should come to pass he would be persecuted by the new Communist government. It is a matter of common kowledge, which is supported by the newspaper articles submitted by the respondent, that since May 1967 there have been repeated, violent riots occurring in Hong Kong, admittedly sponsored and encouraged to harass Hong Kong's British Government, by Chinese communists. But respondent's conclusion that these events will result in the Chinese mainland communists taking over control of Hong Kong from the British is both speculative and conjectural. Indeed, within the past week reports coming out of Hong Kong by way of Reuters and Associated Press indicate that recent strong and concerted action by Hong Kong police and British army troops has greatly curtailed the terrorism and violence of past weeks.

The possibility that at some future time there might be a change in the government of a country is a much too tenuous basis to support a present withholding of deportation to that country. For respondent to contend that there might eventually be a change in the government of Hong Kong, and if such does occur he might be subject to persecution by the new regime, falls far short of entitling respondent to the relief provided by section 243 (h). As we said in *Matter of Vardjan*, 10 I. & N. Dec. 567:

Respondent argues that section 243(h) contemplates . . . protection against any future vagaries in the political scene under which the likelihood of physical persecution may be greater than at the present time. We do not agree. Such future possibilities are not amenable to proof and consequently their determination is not amenable to the adjudicative process. Only where the likelihood of physical persecution presently exists in a particular situation is withholding of deportation warranted.

Finally, with complete inconsistency respondent furnishes us with a photocopy of a completed Form I-140, which is a petition to afford him a sixth preference visa classification, and which was filed May 10, 1967. It is recited on this form that if the petition is granted he will travel to Hong Kong to apply to the American Consulate there for a visa to enter the United States. (Respondent, being an alien crewman, is ineligible for a section 245 adjustment.) Thus, in one breath respondent pleads that he not be deported to Hong Kong for fear of persecution and in the next breath he states he plans to voluntarily travel there to obtain a visa.

We will dismiss the appeal and will order that respondent be deported forthwith.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that the respondent be deported to Hong Kong on the charge contained in the order to show cause.